Approved:   s/Jacob H Gutwillig, by the Court, with permission
            JACOB H. GUTWILLIG
            Assistant United States Attorney

Before:     THE HONORABLE DEBRA FREEMAN
            United States Magistrate Judge
            Southern District of New York

**20 MAG 9243**

------------------------------------X
                                    :  SEALED COMPLAINT
UNITED STATES OF AMERICA            :
                                    :  Violation of
            - v. -                  :  18 U.S.C. § 1512(a)(2)
                                    :
WALLYS TINEO,                       :  COUNTY OF OFFENSE:
                                    :  BRONX
                 Defendant.         :
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

      JOHN DOOLEY, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**
(Witness Tampering)

      1. In or about August 2020, in the Southern District of New York and elsewhere, WALLYS TINEO, the defendant, used physical force or the threat of physical force against a person, and attempted to do so, with the intent to influence, delay, or prevent the testimony of a person in an official proceeding, to cause or induce a person to withhold testimony, or withhold a record, document, or other object, from an official proceeding, and to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense, to wit, TINEO threatened to physically harm and kill an individual he knew to be assisting law enforcement in the investigation of TINEO for narcotics trafficking and who is a potential witness in the pending federal prosecution of TINEO.

      (Title 18, United States Code, Sections 1512(a)(2)(A),
            (a)(2)(B), and (a)(2)(C), and 2.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

2. I am a Task Force Officer with the DEA. This affidavit is based on my personal participation in the investigation of this matter, my conversations with other law enforcement agents, my interviews of witnesses, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### Background of the Investigation

3. Since in or about October 2019, law enforcement has been investigating a drug trafficking organization (the "DTO") whose members include, among others, WALLYS TINEO, the defendant. During the course of this investigation, I and other law enforcement agents have worked with a particular confidential source ("CS-1").[1] Based on my review of reports of debriefs of CS-1, I have learned, among other things, that TINEO is a distributer of cocaine. In particular, CS-1 identified TINEO as a cocaine distributor for the DTO, who operates in the vicinity of Washington Heights, New York. As set forth below, TINEO has been arrested and charged with federal narcotics trafficking offenses for his participation in the DTO. Since TINEO's arrest and subsequent release on bail, on multiple occasions over approximately the past month, TINEO has threatened to harm and kill CS-1 because he believes CS-1 to be working with law enforcement.

4. During the course of this investigation, a particular undercover officer with the DEA ("UC-1") has purchased narcotics from WALLYS TINEO, the defendant, on at least four

---

[1] CS-1 is a source working with the DEA. CS-1 is providing information to law enforcement in exchange for financial compensation. CS-1 has been providing information to law enforcement since in or about 1999. Law enforcement believes that the information that CS-1 has provided has been credible and reliable. Law enforcement has corroborated by independent evidence certain of the information CS-1 has provided in the context of the present investigation.

2

occasions. Each of these controlled purchases, certain of which are described below, was recorded, and each occurred in the vicinity of 61 9th Avenue in Manhattan, New York ("Location-1").

5. Based on my involvement in this investigation, including reviewing law enforcement reports of debriefings of CS-1 and UC-1, I have learned, in substance and among other things, that in or about early June 2020, both CS-1 and UC-1 informed law enforcement that they had learned that WALLYS TINEO, the defendant, expected to receive an additional approximately six kilograms of cocaine from another member of the DTO ("CC-1"), whom CS-1 stated had previously provided TINEO with cocaine for distribution. Subsequently, on or about June 18, 2020, TINEO provided UC-1 with approximately 252 grams of cocaine in exchange for approximately $12,700 over the course of two transactions that took place that day in the vicinity of Location-1.

6. On or about July 8, 2020, at approximately 4:39 p.m., WALLYS TINEO, the defendant, called UC-1. During that call, which was recorded and reviewed by law enforcement, in substance and in part, UC-1 conveyed to TINEO that UC-1 would like to purchase more cocaine from TINEO, and UC-1 and TINEO discussed the amount and price of cocaine to be purchased. UC-1 stated that UC-1 would like to purchase one kilogram of cocaine. Initially, on that July 8 call, TINEO stated that he only could provide half a kilogram of cocaine for sale to UC-1. However, following additional conversations between TINEO and UC-1 that took place on or about July 12, 2020, TINEO confirmed that he would sell UC-1 one kilogram of cocaine for approximately $45,000. TINEO and UC-1 agreed to meet in the vicinity of Location-1 at approximately 7:30 a.m. the following morning, July 13, 2020, to conduct the cocaine transaction.

### TINEO's Arrest for Narcotics Trafficking

7. Based on my participation in this investigation, as well as my review of law enforcement reports and conversations with other law enforcement officers, I have learned, in substance and in part, that on or about July 13, 2020, at approximately 5:45 a.m., UC-1 arrived, by vehicle, in the vicinity of Location-1. At approximately 6:35 a.m., WALLYS TINEO, the defendant, called UC-1 and stated, in sum and substance, that he was traveling from Long Island, New York and would be late. UC-1 and TINEO remained in contact by phone periodically until approximately 8:53 a.m., when TINEO arrived in the vicinity of Location-1. At approximately 8:53 a.m., TINEO called UC-1, who observed TINEO walking toward UC-1's vehicle. Shortly thereafter, DEA agents placed TINEO under

3

arrest.  Incident to his arrest, DEA agents seized from TINEO (i) one clear plastic container wrapped in black tape, containing a white powdery substance and (ii) a second clear container wrapped in plastic wrap with black tape, also containing a white powdery substance.  Law enforcement subsequently field-tested samples of the powdery white substance from each of the two containers, both of which tested positive for the presence of cocaine.  In total, law enforcement seized approximately one kilogram of cocaine from TINEO.

8.   Based on my participation in this investigation, I have learned that on or about July 13, 2020, WALLYS TINEO, the defendant, was charged in a criminal complaint (the "Complaint") in the Southern District of New York with conspiracy to distribute and possess with intent to distribute one kilogram and more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), based on his narcotics trafficking activities described above.  On or about July 14, 2020, TINEO was presented before the Honorable Robert W. Lehrburger, United States Magistrate Judge for the Southern District of New York, on the charges alleged in the Complaint, and ordered released subject to certain conditions of bail.  Subsequently, on or about August 14, 2020, TINEO waived indictment and an information, 20 Cr. 405 (SHS) (the "Information"), was filed against TINEO, charging him with the same narcotics conspiracy offense alleged in the Complaint.

**TINEO Threatens to Kill CS-1**

9.   Based on my involvement in this investigation, including reviewing law enforcement reports, as well as my own communications with and debriefings of CS-1, I have learned, in substance and in part, the following:

a.   On or about July 31, 2020, following the arrest of WALLYS TINEO, the defendant, on the charges in the Complaint, TINEO and CC-1 went to a particular restaurant located in the vicinity of 3638 Bailey Avenue in the Bronx, New York ("Restaurant-1").  CS-1 intended to accompany TINEO and CC-1; however, before going to Restaurant-1, CC-1 advised CS-1 not to come.  Subsequently, at approximately 11:30 p.m., when CS-1 was supposed to arrive at Restaurant-1, CS-1 received a message from a phone number ending in 2352 (the "2352 Phone"), which CS-1 identified to law enforcement as TINEO's phone.  The message, a screenshot of which CS-1 provided to law enforcement, read "heys." TINEO then made a video call to CS-1 from the 2352 Phone, using the FaceTime application, such that TINEO's face was visible to CS-1 during the video conversation, and stated to CS-1, in sum and

4

substance, "I don't care if it is not me, someone is going to get you so be prepared[.]" CS-1 interpreted that to mean that TINEO, or one of TINEO's associates, would physically harm CS-1 because they knew that CS-1 was working with law enforcement and was responsible for TINEO being arrested. Based on my training, experience, and debriefing of CS-1, I also believe that TINEO intended this video communication as a threat to physically harm CS-1 because of CS-1's cooperation with law enforcement and role in TINEO's arrest for narcotics trafficking. A few weeks later, on or about August 25, 2020, an individual known to CS-1 informed CS-1, in sum and substance, that CC-1 had put out a contract to murder CS-1 in exchange for $15,000.

**TINEO Makes Additional Threats Against CS-1**

10. Based on my training, experience, and participation in this investigation, including my review of law enforcement reports, conversations with other law enforcement officers, and debriefing of a particular source of information ("SOI-1"),[2] I have learned, in substance and in part, the following:

a. On or about August 28, 2020, SOI-1 informed law enforcement, among other things, that WALLYS TINEO, the defendant, had threatened SOI-1 and certain members of SOI-1's family. Specifically, SOI-1 informed law enforcement, in substance and in part and as reflected in a law enforcement report that I have reviewed, that TINEO recently threatened SOI-1 and certain members of SOI-1's family. SOI-1 reported, in substance and in part, that TINEO called SOI-1 on SOI-1's cellphone and stated, "I am going to do to your parents what I did to those people in the Bronx." TINEO then sent SOI, also via cellphone, a picture of a particular residence where SOI-1's parents reside. SOI-1 further informed law enforcement, in substance and in part, that this was a reference to a crime that TINEO previously committed in the Bronx, during which, TINEO told SOI-1, he tied up a victim with shoelaces and burned a second victim using an iron. Based on my review of law enforcement records and reports, and my conversations with other law enforcement officers, I believe that this refers to a violent home invasion, in which victims were tied up and burned, that occurred in the Bronx on or about October 13, 2019, corroborating SOI-1's account.

---

[2] SOI-1 has a personal relationship with TINEO. Information provided by SOI-1 has in part been corroborated by independent sources, including law enforcement records and other witness information, and is considered by law enforcement to be reliable.

5

b.  As a result of the information reported by SOI-1 on or about August 28, 2020, TINEO was charged, by the Suffolk County District Attorney's Office (the "Suffolk DA"), with aggravated harassment in the second degree, and was arrested on that charge.  As a result, an order of protection was filed against TINEO as to SOI-1 (the "Order of Protection").  Following that arrest, I debriefed SOI-1, during which SOI-1 stated, in substance and in part, the following:

    i.  Following TINEO's arrest on the charges in the Complaint, TINEO stated to SOI-1 that TINEO believed CS-1 had set him up, *i.e.*, cooperated with law enforcement to facilitate TINEO's arrest.

    ii.  TINEO further stated to SOI-1 that TINEO intended to wait approximately one year and then send one of his friends to "do it," by which TINEO later said he meant "send someone to slice [CS-1]."  Based on my training, experience, and involvement in this investigation, including my debriefing of SOI-1, I believe that TINEO was conveying to SOI-1 that he plans to send an associate to harm or kill CS-1, and to do so in approximately one year so as not to attract attention to himself.  I further believe this is consistent with TINEO's earlier statement to CS-1 that, "if it is not me, someone is going to get you," *see supra* ¶ 9(a).

11.  Based on my participation in this investigation, including my review of law enforcement reports, conversations with other law enforcement officers, and further debriefing of SOI-1, I have learned, in substance and in part, the following:

a.  Following the arrest and arraignment of WALLYS TINEO, the defendant, on the harassment charges referenced above, and his subsequent release, *see supra* ¶ 10(b), TINEO made additional threats of physical violence against SOI-1 and certain members of SOI-1's family.

b.  Specifically, based on my debriefing of SOI-1, I have learned, in substance and in part, that TINEO called a particular individual ("Person-1")[3] and stated that, because SOI-1 had spoken to law enforcement about TINEO's criminal activities (*i.e.*, reported TINEO's threats to law enforcement in Suffolk County as described above), TINEO intended to "shoot up" SOI-1's residence, where SOI-1 and certain of SOI-1's family members

---

[3] SOI-1 identified Person-1 as the father of SOI-1's children. Person-1 presently is incarcerated as a result of a federal narcotics conviction.

reside, or to send associates and/or relatives to do the same. TINEO further informed Person-1 that he intended to kill SOI-1 and members of SOI-1's family. Person-1 subsequently relayed TINEO's threats to a family member of SOI-1. Subsequently, SOI-1 informed law enforcement of these threats.

        c.  As a result of the foregoing, TINEO was deemed to have violated the Order of Protection, and Suffolk County District Court revoked his release for the harassment charges referenced above. Subsequently, on or about August 29, 2020, TINEO was arrested by law enforcement for violating the Order of Protection, and charged by the Suffolk DA with criminal contempt in the second degree. He is scheduled to be released from local custody on or about today, August 30, 2020.

    12.  As set forth above, since his arrest on or about July 13, 2020 on the charges in the Complaint, while released on bail, WALLYS TINEO, the defendant, has threatened to harm or kill CS-1, who has provided information about TINEO to law enforcement and would be expected to testify at any trial in TINEO's pending narcotics case, *United States v. Wallys Tineo*, 20 Cr. 405 (SHS). As described above, TINEO threatened CS-1 directly and indirectly, based on his belief that CS-1 is assisting law enforcement, and it also appears that CC-1, who is believed to be a member of TINEO's DTO, placed a $15,000 murder contract on CS-1 as part of the DTO's efforts to dissuade or prevent CS-1 from assisting law enforcement.

    13.  As also reflected above, the threat made by WALLYS TINEO, the defendant, to harm or kill CS-1, is corroborated by statements TINEO made to SOI-1, *see supra* ¶ 10(b), which further evidence TINEO's apparent plan to harm or kill CS-1 for working with law enforcement. Moreover, both in TINEO's threat directly to CS-1 and his statements to SOI-1 about harming CS-1, TINEO described a similar plan—that TINEO may send an associate to harm or kill CS-1—which also is consistent with certain of his threats regarding SOI-1, *see supra* ¶ 11(b). Based on the foregoing, and my training, experience, and involvement in this investigation, TINEO has threatened, directly and indirectly, to harm or kill CS-1, either by doing so himself or dispatching an associate to do so, because CS-1 is assisting law enforcement in the investigation and prosecution of TINEO.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of WALLYS TINEO, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

                                                          _s/John Dooley, by the Court, with permission_
                                                          John Dooley
                                                          Task Force Officer
                                                          Drug Enforcement Administration

Sworn to me through the transmission of this Complaint by reliable electronic means (FaceTime), pursuant to Federal Rule of Criminal Procedure 4.1, on August 30, 2020

_____
THE HONORABLE DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK